Michael J. Ross on behalf of Appellant Crane Co, Your Honors. The central question presented in this appeal is whether a plaintiff can manipulate the allegations in a complaint post-removal and thereby support a remand of a case removed on federal officer grounds where it's undisputed that the removing defendant had a colorable federal defense at the time of removal. We suggest that the answer to that question should be no and that that is made most clear perhaps by this Court's 1994 decision in the Jamison v. Wiley case that we said in our briefing. Your Honors, the plaintiff challenges the reviewability of the order remanding this case to Crane Co and that's the June 6th order of the District Court. There are two orders at issue here, the June 6th order and an earlier order in March, March 7th. So you don't appeal from the March order? We appeal one portion of that order, Judge Wynn. In that order, the District Court did two things. She held that Crane Co had a colorable federal defense and she refused to remand the claims against Crane Co, but she severed and remanded the claims against Crane Co's co-defendants. And we argue that that was an abuse of discretion, that second part of the order, the severance decision. And then we separately challenged the June 6th order where the District Court remanded essentially what was the rest of the case, the claims against Crane Co. When did you appeal from the March order? It was within 30 days after the June 6th order, Your Honor. We did not file an interlocutory appeal or any appeal within 30 days of March 7th. Turning to the question of plaintiff challenges the reviewability of both the March 7th order and the June 6th order, I'd like to briefly address the June 6th order, Your Honors. In 2011, Congress amended 28 U.S.C. 1447D to make reviewable any order remanding a case removed on federal officer grounds under 28 U.S.C. 1442. This civil action was removed on federal officer grounds and every claim in it was removed on federal officer grounds. So we suggest that order, the June 6th order, certainly is reviewable. As far as the March 7th severance order, Your Honor, that was an interlocutory order as to Crane Co. whenever it was entered because the federal action went on as to Crane Co. We suggest that that interlocutory order merged with the June 6th final order as to Crane Co. for purposes of appellate review and that's why we can appeal it although we did not file an appeal within 30 days of March 7th. What made it interlocutory? Your Honor, it was interlocutory because although it ended the claims against the co-defendants in federal court, the federal court proceedings went on against Crane Co. The district court held that the case should not be remanded as to Crane Co. Plaintiffs' claims for strict liability and negligence would continue in the District of Maryland against Crane Co. and therefore, at that point in time, as to Crane Co., it was interlocutory. That's our argument, Your Honor. Turning to the merits of the district court's decision to remand this case as to Crane Co., Your Honor, the June 6th order, 28 U.S.C. 1442A1 guarantees to federal officers and those acting in their direction the right to have state law claims asserted against them heard and tried in federal court. Crane Co. exercised that right here by removing this case to the District of Maryland. Crane Co. was a contractor to the U.S. government, specifically the Department of the Navy during World War II and in the years thereafter. Was the basis of removal under the federal officer statute? Did it relate specifically to the fact that the Navy had this contract with regard to just valves? Well, yes, Your Honor, in a sense. The gaskets came in the valves, but the Navy purchased valves and the allegation here is also gaskets from Crane Co. Those purchases were made. So you're maintaining that that was part of the cost contract too, the gaskets with the No, the gaskets that the Navy purchased from Crane Co. came in the valves. And let me say that there is a dispute about this, Your Honor. The parties dispute the extent to which Crane Co. supplied gaskets to the Navy separately from its valves. We say there were approved lists of gasket suppliers and Crane Co. wasn't on those lists. So to the extent Crane Co. supplied a gasket to the Navy, it was inside of a valve. The Navy said when you ship these valves to us, we want a gasket in it and often it was best as containing pursuant to these specifications and a piece of packing. And that's the source. So that seems to suggest it was part of the approved list, except you're saying it was all part of one unit, the valves and the gaskets together. Yeah, that's our contention, Your Honor. But that doesn't seem to be your argument below. In fact, when the counsel was asked specifically as to whether the gaskets were part of this, he said, well, we don't know, of course, and we'll check it out. And then ultimately made a statement that the valves were included. So that's the separation of the valves and the gaskets here. That is what counsel stated below, Your Honor. He said that we hadn't briefed that issue and he wasn't prepared to take a position on it. I mean, subsequently, and I don't fault him for that, subsequently, we offered to the district court in our briefing in opposition to this notice of abandoning the valve claims that we could maintain a colorable federal defense, even if just gaskets were involved. Help me understand, as I understand it, there doesn't appear to be any dispute that the gaskets were properly removed. I think that's right, Your Honor. So the question is, what happens once it's all removed? Can it be severed at that point? Yes. So, and the district court appears to have assumed that it could remand a portion of the properly removed case for lack of subject matter jurisdiction. Yes. I think that's what the district court held. I don't quite understand it. Well, that was going to be my question. Help me understand how you can remand a part, help me understand the basis for the district court's remand and your response to the propriety of that remand order. The district court indicated in its March 7th order that it had subject matter jurisdiction, removal jurisdiction under the federal officer statute with respect to the valve claims here, which we say there's no distinction. This is a distinction without a difference. Valve gasket, they're strict liability and negligence claims. Well, you can only, as I think the statute reads, you can only remove actions. Yes, that's exactly right, Your Honor. That's exactly right. You don't remove claims and leave actions somewhere else. The district court said that the district judge had supplemental jurisdiction over the quote-unquote gasket claims, but then in the June order, the district court remanded the quote-unquote gasket claims for lack of subject matter jurisdiction entirely under 1447C. That doesn't seem to square to us. And regardless, even accepting this valve gasket distinction, I think the critical thing here is it's undisputed that at the time of removal, subject matter jurisdiction existed. Cranco had a colorable federal defense. Under Jamison v. Wiley, that case makes it very clear that removal jurisdiction under 28 U.S.C. 1442 is mandatory, not discretionary. That's the language of the opinion. Irrespective of any change in events? Yes, Your Honor. Yes, Judge Diaz. Even if, in Jamison v. Wiley, in fact, there was a hearing, the judge held a hearing post-removal after finding the federal defense colorable, determined this defendant does not have a valid federal defense, and remanded it. Isn't that the difference here? I don't… This is not a case in which the court made a determination that there's not a valid federal defense. What happened here is the disclaimer comes about, which effectively gets rid of this claim. And, Judge, when that… Doesn't that sort of put it in more of an amendment sort of vein, wherein once that occurs and it relates back, then you have nothing when it relates back. That's the problem that I see with this case that differentiates it from Jamison. Judge, when I would suggest that whatever happens post-removal that may lead to the rejection of the federal defense, which is what happened here, the district court said, in March you have it, and as of June, now that this amendment has been made, you don't have it anymore. Whatever happens, under Jamison v. Wiley, that should not support a remand. What are you defending? If it relates back to the initial claim under Rule 15 amendment, what's there to defend? Well, Your Honor, we're still defending the same essential claims that were there at the beginning, which is Mr. Joyner worked with Cranko valves and the gaskets that were in them, and that he was exposed to asbestos. But you're doing that now under state law, that the federal defense has gone away. Your Honor, we, as I said earlier, we contend we have a federal defense. Even accepting this distinction, we can assert a federal defense, and we would attempt to assert it in the trial proceeding. Well, you could have. You could have said that you waited too long to make that rather, and I agree, rather fine distinction between valves and gaskets. Let me ask you this, I mean, if the plaintiff had filed an affirmative claim under federal law and then decided to dismiss that claim, that would be his or her right, correct? That's correct, Your Honor. And that would allow then for a remand back to the state court? Under 1367, yes. Why the difference? Why does it matter that we're dealing with a defense here as opposed to an affirmative claim? Well, the difference, Your Honor, 1367 deals with claims for which there's supplemental jurisdiction, state law claims involving supplemental jurisdiction. Here, there were no claims against Cranco that got into the district court because of supplemental jurisdiction. The district court had original jurisdiction over the claims because of this colorable federal defense as of March 7. And under 1447, which was the, 1447C, which was the statute the district court cited, the question as to whether subject matter jurisdiction exists is answered at the time of removal. I mean, that's what Jameson v. Wiley holds. That's what the Supreme Court held in Freeport v. McMorkin. But that doesn't prevent a remand for lack of subject matter jurisdiction, does it? If it's determined to not exist at the time of removal, then yes. And going, one other point, Judge Diaz. If the plaintiff had dismissed Cranco under 1367C3, for instance, if all of the federal claims, and here we're dealing with a federal defense, it's a little awkward, but if they had all been dismissed, there would be authority to remand under 1367C3. But that's not what happened. That's our contention here. What do you say happened? The plaintiff manipulated allegations in an effort to get back the board in Baltimore and – And dismissed his claims with respect to Valve? I don't think so, Your Honor. They disclaimed these Valve claims, but it's our contention that there's really no effect to that because the Valve doesn't expose anybody to asbestos anyway. It's like gasketing the valve. That's a factual issue. Yes, Your Honor. Yes. And at a minimum, if the district court found that this distinction, this Valve gasket distinction that the plaintiff was making could defeat the federal defense or defeated our federal defense, it should have at least permitted us an opportunity to make that case, to put on some evidence. I noted that in the March 7 order, the district court noted that the federal defense can be detailed in the notice of removal, the pleadings, other papers filed by the removing defendant, but the standard was very different in June. It was, it wasn't in your notice of removal. You're going back to state court. Could I just follow up? There are two things, two questions actually. The harm, if you go back to state court and Wood doesn't maintain, doesn't abide by its prospective waiver, you get to reassert the defense and remove. That's what the district court indicated, Your Honor. Well, no. Are you disagreeing with that? No, we would agree with that. Yeah. Okay. So there would appear to be at least a plausible exit ramp to one of the problems that you foresee. The other difficulty that I'm wrestling with is when did you make the distinction in the federal government contract of defense between the valves and the gasket? It was in response to the notice of abandonment, Your Honor. That was when the distinction was made. And the district court decided that that was untimely. That's right. And I was having a little bit of difficulty with that because I didn't see why the time limit only addresses the requirements for removal. That's right, Your Honor. So and of course, I'll ask opposing counsel, but it doesn't seem to me that that time limit constrained your ability to add. And if you look at some of the, yes, Your Honor, and if you look at some of the cases arising in this context, like Willingham v. Morgan, the Supreme Court actually noted in that case that the critical allegations supporting the federal defense weren't in the notice of removal. They were in a later filing. And it still reviewed them to see if the defense existed. And we submit the district court should have done that here. Turning very, very briefly to the severance order, Your Honor, the March 7th order severing the claims against the co-defendants, we agree that the district court Now, to get there, you've stated rather conclusively that that was an interlocutory order. Yes, Your Honor. What made it interlocutory? It seems like everything was taken care of. What you are arguing is that the entire case should be in federal court, and the court did not allow that. What's not final about that? My understanding of why that would be interlocutory, Your Honor, was because the case proceeded against Cranco. Much of summary judgment had been denied to Cranco. Proceedings went on in federal court. It was only after this, here, our final judgment, which is the remand order of June 6th, was issued, that Cranco had a right to appeal this earlier interlocutory order. That's my argument, Your Honor. But your argument in March was that the entire case belongs here. Yes, it was, Your Honor. And it wasn't there. So it was pretty final, at least insofar as that issue. It's to the co-defendants, yes, Your Honor. And to you. I mean, it was pretty final when you separated the case and sent it back. You said the entire case belongs here. We did, Your Honor. And you didn't appeal. At that point, no. That's right, Your Honor. I've noticed that I'm out of time, Your Honors. We do have some time for rebuttal. Okay, thank you. Ms. Batters, am I pronouncing it correctly? Yes, Your Honor. I think to frame the issues before the court, it's important to step back and look at what this case is. And this is an asbestos case. It's a run-of-the-mill products liability case. And it's a case, as to Crane, that initially involved two separate and distinct products. Well, it's not exactly run-of-the-mill if it implicates parts that weren't manufactured according to military specifications. I mean, that makes it slightly – that contributes slightly to the difficulty that we're having here because that's what gives rise to the government contract of defense. Certainly. And with respect to the asbestos exposures that we, in this particular area of the law, see, this is a routine and a run-of-the-mill case in that what we have at issue are products, some of which may give rise to federal defense. And I understand the distinction Your Honor is pointing to. My point's more specifically to the panel's questions and certainly, clearly, the lower court's determination and plaintiff's position that the products at issue that relate to There is the valve product and there is the Cranite gaskets, the gasket product. And what's important in looking at that issue is I heard a lot of glossing over by counsel with respect to, well, we don't really think we sold the gaskets to the Navy, so we wouldn't really articulate a federal officer defense on that basis when we removed. But I mean, really, the gaskets and the valves are all combined. Plaintiff's theory of the case with respect to what plaintiff intends to pursue at this point, and that has been made clear by the amended complaint, is that we are pursuing crane strictly for crane gaskets. And what the court should know is that throughout the country, the position crane takes with respect to the products at issue, valves and gaskets, is that they are so separate and distinct. Is this in the record? Yes, it is in the record. That they are so separate and distinct that they are entitled to judgment as a matter of law as to their valves in a given case, but will not seek dispositive relief as to gaskets, because it goes so far as to claim, crane, that a different set of law applies to their liability for valves as compared to the gaskets. And I don't want to go too far afield, but I wanted to frame for the court the products at issue, and then from there, where the district court's findings stemmed, and then where we find ourselves today. So your claim is limited to the gaskets in isolation from any other component part of the ship, even if it includes a valve? Correct. I absolutely, well, let me back up on that. That's the problem. I mean, that's the. Well, the testimony of Mr. Joyner is that he routinely used craneite sheet gaskets during the course of his repairs to not only flanges, valves, pumps, et cetera. It was essentially an off-the-shelf fungible product that could be used in all different types of equipment. So no, the claim here is not that crane would not be responsible for gasket exposures resulting from Mr. Joyner's use of its craneite sheet gasket. What we're saying is we're not pursuing crane for any of his exposures to crane valves. And why that's important is, again, because it's a product's liability case, Mr. Joyner's injury is one that is the result of contributing factors. But each product the burden rests with plaintiff to establish contributed to the point that we meet the Lorman, the Balbos, the Dixon standard with respect to specific causation. And so I hope that's distilled the panel's question. But the reason I highlight that is because what we have before the court is not an appeal of the March 7th order by the lower court finding that there were gasket claims and there were valve claims. And in assessing the colorability of crane's removal, which was premised strictly on the product, the valve claims, the court concluded crane had met its colorability requirements, determined that she was going to exercise primary subject matter jurisdiction over the valves. She concluded as to the gaskets, she had supplemental jurisdiction. Crane gaskets, supplemental jurisdiction, just like she had supplemental jurisdiction of all the other defendant's products in the case that did not, number one, seek the benefit of a federal forum and did not assert a 1442 removal as a basis of jurisdiction. If I could, let me tell you the conceptual difficulty I'm having and perhaps you can help me wrestle with it. Let's start with just bedrock removal principle. You remove cases. You remove actions. You don't remove claims. So the whole case comes up to federal court. You also get to establish the bases. We have allowed removing defendants to set out the bases for the removal jurisdiction after the removal. In other words, once the case is removed, the time limit for removal goes away. The time limit for removal doesn't apply to the assertion of bases of federal jurisdiction after the case is removed and we have case law that says that. Well, I think what we need to do at this juncture is we need to look at the statutory scheme and Congress's intent. Actually, no, if you would just answer my question. Is there a point at which you take issue? I thought what I was saying was fairly well established in our precedent that you remove cases, not claims, and that once the case is removed, the bases, the statement of bases and I can give you a page site in some of our cases for that proposition, don't have to be asserted subject to the time limitation that apply to removal. There's a strict time limit within which one can remove. Yes, Your Honor. But that time limit, as we have held that once, as I understand it, that time limit doesn't come into play for identifying all of the bases. I'm not quite sure, in other words, what was wrong with Crane identifying a federal contract of defense with respect to gaskets. Okay. And I think the important thing that we need to look at is 1442. Certainly, a defendant may invoke 1442, but in order for the court to determine whether jurisdiction properly rests, because again, we're removing state law-based claims to federal court based on a defense, the court has to establish and determine based on what's presented to it whether or not that removal was culpable as to the defense, as to the products at issue. And I understand that, yes, there are certainly cases that reflect that defendants or parties are free, given leave to amend their notice of removal to proffer supplemental information to support it. But I'm unaware of a situation where you would have a defendant removing, failing to meet the colorability requirement. But the district court found that it met the colorability requirement, and as I understand it, there was no dispute that the case was properly removed. The difficulty, really, that I'm having is thinking of claims and trying to make sure we don't confuse them with cases or causes of action. Sure. I understand, Your Honor. And what I was trying to answer your question, and if I can just step back, I think we do have to look at the statutory scheme and what we have with our federal courts, which are courts of limited jurisdiction. And we have a number of statutes we can look at to give us guidance with respect to what is this new exception, quite frankly, that exists for a 1442 remand appellate review. And we look at the confines within which this exception comes in. We know the courts in 1441 now are prohibited from exercising supplemental or pendent jurisdiction over other claims that are removed as a tag-along basis with 1441. So this is the situation where you have somebody or a case that involves a federal claim, not a defense, a federal claim, and other state law claims. Congress made very clear, no longer does it read that the court, the federal court, may remand the state law claims. It reads the court shall. There is no more discretion. So that gives us some guidance with respect to how jurisdiction should be exercised. On the heels of all that, we look at where we have an amendment under 1447 that does accept out a 1442 removal. But what I would proffer to the court here, we don't have a lot of case law because it's new. It's an unusual situation. And factually here, the defendant proffered this new basis for removal, as I understood it, in response to your amended claim. You have now decided that you're only going to focus on the gaskets. And so Crane said, oh well, the contractor defense exists with respect to those two. It seems to have been almost an iterative process with the two of you responding, tailoring, if you will, your claims and amendments to the others. I don't think that's the case here. Well it has to have been with respect. That has to have been what you did when you suddenly decided, oh no, we're just dealing with gaskets. Well with respect, I understand your point with respect to that, yes, we are the masters of our complaint and we have sought and decided, it should be clear. And you are perfectly entitled to do that. And Crane is not appealing leave for the amendment and is not asking this court to reinstate our valve claims as to it for liability. That's absolutely correct. I wasn't really disputing that or criticizing what you did. And I do want to answer your question, Your Honor, because here's where my answer comes. This is not a situation where, for the first time, when we decided to amend our complaint and seek leave to do that, we identified for Crane the fact that we were pursuing them for two different products, gaskets and valves. We're talking about an order from March 6th by the lower court that found those were two distinct and separate products. We sought, the moment this case was removed, we sought. Ross, is that order interlocutory? I don't believe it is, Your Honor. Why not? Well, at that time, what the court did, it was very final. The court remanded all claims except plaintiffs. You're saying, essentially, he's asking today what he was asking for back then, which is that the entire case would be in federal court. Correct. And certainly with respect to the court's ruling on March 6th, any and all cross-claims that had existed as to Crane at that time were sent back. That's a final action. It's just, as you said, Your Honor, they were asking the whole case stay. The lower court severed it. I absolutely don't believe this is an interlocutory order as of March 6th, such that there's been any time or tolling with respect to the time the appeal should be brought. And more importantly, and I don't want to go too far afield, and I want to come back to Judge Duncan's question as well, but with respect to what happened on June 6th, an interlocutory appeal, or an interlocutory order, I should say, such that it would toll the appeal, presupposes that what happened at the later time, June 6th, was final as to Crane. Well, it's not final as to Crane. The court made very clear, as Judge Duncan pointed out, that if we were to reassert any claims with respect to Valves as to Crane in state court, this case would be removed. This was an amendment to a complaint. This was not a dismissal with prejudice. Does the relation back have some effect here? In what way, Your Honor? I'm sorry. In the amendment to the complaint, the fact that it related back. Well, I think that related back to the March 7th order, I don't think it relates back in that respect. I think that they're very separate. Whether we had sought to amend, and maybe this will help answer the question, if we had not sought to amend the complaint, then Crane clearly would have been out of time. They needed to appeal the March 6th order within 30 days. And our amending the complaint has nothing to affect that. And assuming the court agrees with Crane that it was an interlocutory order in March, the only way they get the benefit of tolling such that they would be able to appeal now is if, in fact, the June 6th order was a final order. And I would offer to the court it's not. It was an amendment to a complaint. And if I may, Judge Duncan, did you have a question? Probably. Go ahead. Okay. Going back to your question, it was a very important question, and we've got to look at this case as it stands before the court. What is not on appeal before this court is the judge's finding on March 6th that Crane's notice of removal and that Crane's removal, based on all the supplemental information that was considered by the lower court and allowed into the record to the point that we, courts, allow defendants to do this, the only product they stated served as primary jurisdiction under 1442 was the vow. Okay. But then the question is why shouldn't they have been allowed to amend that notice to include the gaskets? In response to your attempting to carve out the piece of the allegation that was problematic for you. It didn't occur out of the blue. Well, I think it's because counsel for Crane, during the hearing before the court, when the court very, very clearly said, Crane, I'm hearing about two products, valves and gaskets. Do you contend that you have a colorable federal defense as to the gaskets? And Crane says, we're not taking a position on that, and Crane concedes that there's two We have jurisdiction based on the valves. But it didn't need to delineate at that point. Once, as I read it, and perhaps the timeline is wrong, but as I read it, you had already amended your complaint to carve out the gaskets. And the question, I think Judge Diaz was asking, or at least if he is and I am, why should Crane not have been, in response to your amendment, be allowed to address the additional basis for removal? Well, that's not what happened, Your Honor. Just timeline-wise, to clarify, we sought leave to amend Crane for the first time in response to our request for leave to amend cited gaskets as the basis of primary federal  Then, yes, then we amend the complaint. There's been no request for a 1653 leave to supplement or otherwise amend the notice to reflect the basis. Well, it wouldn't even be in the notice of removal. And I guess that's where I do have a difficulty squaring what the purpose of the limited jurisdiction of the federal courts is and the exception as to 1442. Well, it's been sort of a moving target. All of the filings have had that characteristic. They tend to morph. And it goes back to my initial inquiry about what gets removed. And what gets removed is the case, the action, all of it, all of its little bells and whistles. And the fact that Crane said in the notice of removal that it could assert a federal contractor defense came up with the case. And the language of the statute is pretty clear. It is, except I guess what the concern would be then if we have a situation where we have a defendant at issue that didn't manufacture more than one product. So I think if we kind of step back and look at what this will essentially open the door, if we read the statute to say that a defendant who invokes a 1442 jurisdictional basis for a federal defense should invoke it as to an entirely separate product, I think that just really opens the floodgates, quite frankly, with respect to appellate review. And I can't believe that the statutory scheme that we look at and that has been very clearly set forth with respect to these courts is trying to open that door. And I understand that the concern would be because it's a federal defense, the substantive analysis or review of a lower court's determination as to whether there's a colorable defense should be reviewable. That's why it's accepted out. But when we're talking about timing and a defendant not after being given repeated opportunities to articulate. Well, I mean, the timing aspect of it, as you pointed out earlier at that February hearing where the judge did specifically ask the counsel, are we talking about gaskets of vows? And it's the answer is pretty solid there. The counsel said, we've never, never said it was on this QPL list. We don't insofar as the gaskets and essentially said, if this was all about gaskets, we would not saw removal. They didn't say that explicitly, but it's right there in terms of how the differentiation when the court wanted to know, because as you said, being liable for one of the products, the vows does not necessarily mean you allowable in terms of the gasket, from my understanding. That's correct, Your Honor. Because they have two different products, which is an interesting position. But that being the case, and from the Navy and from a federal contractor's perspective, that QPL list controls and the vows clearly were there. They gave the notice based on the vows. So then when they come back in response and see, well, it looks like no longer do we have a federal defense, which is really what's here, if you take away the vows and you don't think the gasket's about, there's no federal defense. So if there's no federal defense, then they say, well, but we see there's no federal defense, and well, we have gaskets too, in contradiction to the statements they made at the February hearing. So while the judge could have said timing is it, it wasn't just timing. It was the context in which it was done to indicate there's really nothing here. Yes, Your Honor. And that was why when, to Judge Duncan's question, I had wanted to bring us back to where we were on March 7th, and the fact that finding by the court is not appealed. Okay. I just, and factually, and I'll ask Mr. Ross, my recollection of the record, which could so easily be wrong, is that the, that Crane had never taken, had relied on the vows because it did not, it did not take a position on the gaskets because it didn't need to. And you're saying that you think it definitively, Crane definitively elected. Yes, Your Honor. And was not allowed to respond after you changed, I mean, you know, after you opted out of the one that you thought was problematic. So as far as you're concerned, subject matter jurisdiction no longer existed. Correct. And at best for Crane, the court would have to make a determination, at best for Crane, if this was even reviewable, whether to exercise supplemental jurisdiction, which is clearly an abuse of discretion standard. Let me ask you another question. You posited this parade of horribles, and I'm not sure that it really is accurate with respect to sandbagging, I guess, because ultimately the notice of removal has to be timely. If it's not, then they can't get into federal court. The way in which the defense is phrased is something that the district court can handle by virtue of the denial of motions to conform the pleadings and the like, so I think that can be resolved. But I don't know that you ever answered Judge Duncan's question with respect to Judge Blake's decision to not allow, as a matter of statute, the defendants in this case to tailor the military contractor defense to include gaskets. She seemed to have determined that she was bound, as a matter of statute, not to allow that change. Is that right? I think it is right, because I think that what we look at when we look at removal, the absolutely necessary antecedent to removal is a setting forth that you timely asserted the defense and established the colorability of that defense, and when you have a product's liability case. But they did that. They did that as to their vows, Your Honor. And that sort of, they did that as, it's a chicken or the egg. They did that as to the vows, because you were arguing both. It has really, the positions of both parties have evolved in response to the other's filings, and there's certainly no problem with that, but it appears as though the district court just said, okay, at this point, I'm not letting anybody else change their position. Even though the case is, the case has been removed on the basis of a colorable federal defense, and can only be remanded for lack of subject matter jurisdiction. And I guess the parade of horribles would be to the extent that that's the way in which it were to proceed, then we'd be in a situation where the federal court will have expended much time and effort in proceeding through discovery and getting prepared to try a case only to come to dispositive motions, have a motion for summary judgment, stating on the plaintiff's behalf that there's no way under any factual circumstance whatsoever that Crane will be able to proceed under a government contract or defense as to gaskets. And we're back to limited jurisdiction of the courts and the efficiency, and that's why I would believe that you'd have to establish at the outset the basis of your removal and set forth. And stick to it? And do you have any authority at all for that proposition? I have the authority, Your Honor, with just respect to what this statutory scheme is setting forth and the fact that 1446. Do you have any cases? I look to see if there's anything that would address this, but I guess because it's so new, there is nothing directly on point. So did I. So thank you for validating my research efforts. I do have one. I do actually have just a, it is a, Barry, I hesitate to use the term boilerplate because it's getting technical, but do all these gasket claims refer to the gaskets in the vows? No. Okay. And in fact, Cranko would argue at summary judgment if the vow that we were pursuing vows that they're not responsible for that under a bare metal defense, no matter. I didn't, it was just a yes or no technical question to which I did not know the answer and you've answered it. Thank you very much. Let me ask one other question with regard to the gaskets because it's interesting that Crane now potentially saying that there is a federal defense to the gaskets claim. It has been established by the district court in here that if it goes back to the district court and a federal district, and you bring up the vow, you can bring that, they can bring that back. What happens if it goes back and it turns out, or are they able to assert a federal defense based upon some facts they now say, well, it does appear that it's there and in so far as the gaskets, are they prohibited from bringing that defense in the district court that would bring it back to the federal court? Well the case has been back in state court for well over 30 days. So certainly if we look at it from that perspective, a 1446, they're out of time. The case has been remanded and it's actively being litigated in state court. They're out of time. With respect to what I think is the more global question. Let me make sure I understand that. When it goes back to state court, they were in a position where they could have asserted this federal defense there and sought the same remedy of having it removed, but they did not act within the 30 days to do so. That's correct. And that's what I was getting ready to ask. What time would they be out of? The district court remanded the case on June 6th and it was effectively before, there was no stay requested of this court of any other proceedings. There was no stay requested in the state. What's the operative time frame? I'm sorry. It's 30 days. It's from the date of remand. Under that theory, I would argue if they believed they, it's a little complicated. It really wasn't an argument. I just was trying to ascertain factually you said they'd be out of time and I just wanted to clarify. Assuming the district court had not already found them out of time under the 1446 analysis that was done at the lower court, yes, they would have at most, to the extent it would be a proper removal, 30 days from the time it was sent back to the state court. But to return to my initial question, if, even if we say this is properly remanded, the timeliness issue notwithstanding, the opportunity to assert that defense would still exist in the state court and it could get the same remedy by bringing it back if they are able to establish such a defense. Correct. And that's where we go right back to the analysis under 1442 with colorability and we would proffer they can't because of your Honor's points. They say they weren't even on the QPL. Thank you. Your Honor, thank you very briefly. Is that true that when this was remanded to the state court, you didn't seek a stay of that remand and you did not assert a federal defense insofar as that remanded claim? We sought a stay with the court in the Maryland State Court of Proceedings and, Your Honor, we did not remove the case again. We decided we wanted a decision from this court. We didn't want to jerk the case back to the court. But you didn't stay. No. So the claim is properly in the state court. At the moment, yeah. Should you, could you have asserted that defense during that time period? I think that we asserted, we could have. I think we asserted the defense before the district court here. Shouldn't you? If you maintain that you have a federal defense against Gasket, wouldn't that have, that would have taken care of this lawsuit. If it was determined that, in fact, you had a federal defense, you wouldn't need to be up here now. That may be true, Your Honor, although somehow I suspect we would find our way back. Oh. It's the same issue, Your Honor. I want to dwell on that for a second. I'm trying to understand that. How are you coming back if you go, well, you may come back to argue that point as to whether the court properly removed it, but at least in terms of the remand, the claim is there and you didn't get a stay of it being there. You have to assert the defense. It's in state courts. State courts are, by the way, very competent places to try cases. No one's denying that.  We try them all the time, Your Honor. They're wonderful. So it's there in state court and all you got to do is to probably a very simple thing is say we have a federal defense against Gasket, which is something you didn't do, which is consistent with the fact that you didn't do it when you sought the removal, which is consistent with the fact that at the February hearing, you said that's never, never been a part of your claim because it's not on the QPL list. So your conduct in not doing it is very consistent. What's inconsistent is the assert at the end of the day, oh, by the way, we have this claim against the Gaskets. Your Honor, I believe... In, on, on, in, on, on, in the federal court and not do it in the state court. We assert this defense in the state court, Your Honor. Not against the Gaskets. You're taxing my brain. It certainly isn't in the record here whether we have a pure Gasket claim or not. When did you do that? When did you assert the claim against the Gaskets, a federal defense in the Gaskets in the state court when it was remanded? When did you do that? You know, Your Honor, off the top of my head, I cannot think of a time when Cranco, in a case involving only Gaskets and not Valves, said in a state court, we should get summary judgment or what have you on the basis of the government. Well, I'm just looking at your language. It says Crane has never, has a different position with regard to their Gasket because it was never, never on a Navy's QPL and should never have been used. That is our evidence, Your Honor. But the point that we made to the district court here is, look, if it's going to be accepted that this Gasket was in use. It's not on that list and you're not part of this contract, then how are you going to remove it if it's nothing but Gaskets? Because Mr. Joyner says even though it wasn't on the list, it was there. And our view is it couldn't have been there unless it qualified, unless it complied with military specifications. It couldn't have happened. Your Honor, very briefly, I don't think that the jurisdictional inquiry should be a product by product analysis. It should not. Well, it's, we don't analyze products. We analyze cases. Exactly. And I think we're all on agreement. The fact that there was a colorable federal defense at the time of removal here meant the case should have stayed in federal court. The fact that the parties have such a vigorous dispute about these Gaskets means the case should stay in federal court. Franco should have an opportunity to make that defense. Since neither side really addressed severance, Your Honor, and I'm almost out of time, I'm going to rely on my briefing for the merits of our argument as to why the district court erred or abused its discretion in severing and remanding, unless the court has any other questions. That's it. Thank you very much. Thank you. We will come down and greet counsel and proceed directly to the next case. Thank you.
judges: Allyson K. Duncan, James A. Wynn, Jr., Albert Diaz